THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
GERÓNIMO MARRERO MÉNDEZ, Defendant and Appellant.

No. CR-66-408. Decided December 18, 1967.

*Gilberto Vega Couso* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In the Superior Court of Puerto Rico, Bayamón Part, a proceeding of contempt for perjury in open court was filed against appellant by means of the following

"Order

Whereas, today during a trial held by the People of Puerto Rico against Ezequiel Cruz Nieves [the defendant in the other case] for the crime of Murder (G 63-69), the defendant herein, Gerónimo Marrero Méndez, appeared as witness for the prosecution, took the proper oath and affirmed before this Court that he was going to tell the whole truth and nothing but the truth in said case, and then after taking the oath he testified, intentionally and contrary to the same, the following:

That on December 23, 1962, in Barrio Hato Tejas, in Río Plantation of Bayamón, the person who was driving the motor vehicle in which the witness was traveling at that moment accompanied by Ezequiel Cruz Nieves and Félix Díaz Sánchez was not Ezequiel Cruz Nieves, but Félix Díaz Sánchez; all of which is material to the proceeding, and which that witness knows is not true;

Whereas, the Court has the authority to order *motu proprio* the arrest and detention of this offender.

Therefore, in view of § 1 of the 'Act to provide a summary punishment for perjury committed in open court,' approved on March 9, 1911, the arrest of the aforementioned Gerónimo Marrero Méndez is ordered and he will also be notified to appear and explain the reasons why he should not be punished for contempt of court.

While the trial is pending he may post a bail of $1,000.

July 6, 1964, at 9:00 a.m., is set forth for the hearing of said defendant, who may bring whatever evidence he may have;

and also the witnesses for the People shall be summoned for said act.

Given in open court in Bayamón, Puerto Rico, on June 9, 1964.

(Signed) Augusto Palmer
 Superior Judge"

The trial was held on the date set forth. The prosecuting attorney presented three documents as the only evidence for the prosecution. The first of them is a transcript of the stenographic notes of the testimony given by appellant during the murder trial filed against Ezequiel Cruz Nieves. According to said document, appellant, who was a witness for the prosecution, testified that the person who was driving the vehicle, with which Víctor Andino Maldonado was killed, was Félix Díaz and not the defendant at that trial, Ezequiel Cruz Nieves.

The second document is a sworn statement given by the witness, defendant-appellant herein, before the Prosecuting Attorney Cabrera, on December 26, 1962, in which he testified that the person who was driving the vehicle was Ezequiel Cruz Nieves.

The other document was the record of the criminal case filed against Ezequiel Cruz Nieves.

The court admitted in evidence the three documents over the defense's objection, and the prosecuting attorney then announced that that was his evidence.

The defense requested the defendant's peremptory acquittal alleging that the crime of which he was being accused had not been proven.

In ruling against the defendant, the judge expressed himself thus:

"This is an occasion, in my opinion, on which the witness shows cause why he should not be considered, that having committed contempt for perjury, the judge should prosecute the individual in view of all the evidence presented to him at the

hearing of the criminal case, where the proceeding was had, with all the circumstances involved in said case, and the details of his testimony in the case, together with the circumstances of the criminal case in which he testified; the criminal or civil case, whatever the case may be, in which he testified. So that, it is incumbent upon the defendant at this moment to show cause why the court should not find him guilty of contempt for perjury."

In denying the reconsideration requested by the defense, the judge expressed himself again thus:

"This is a case of contempt where the Court exercises the inherent and statutory authority of the case of contempt, that is, the perjury itself herein, the falsehood of the testimony, which the judge considers as perjury, is the offense to the Court and it is sought to punish with the corresponding penalty. The case of contempt has certain characteristics of the criminal proceeding, but it is not in every aspect a criminal proceeding, nor is it evidently a regular criminal proceeding. The power of the Court for cases of contempt is exercised herein, and the witness is simply given an opportunity to convince the Court that he did not give false testimony while he testified under oath to say the truth."

Later the judge expressed himself again thus:

"I believe the defense is treating this case like a common criminal case. The conclusion of falsehood is made by the judge at the moment in which the corresponding order is issued, in consideration of all the circumstances, it is the contempt which is punished, the essence is contempt, the lack of respect towards the Court in giving a false testimony. The defendant has the opportunity at this hearing to convince the Court that he did not give false testimony, to make the Court change its opinion in the sense that the witness made a false testimony, on an essential fact, before the Court, after having taken an oath, and while testifying in a criminal proceeding. A case of murder was being heard herein, a murder caused by an automobile, the defendant having been charged with having been driving an automobile which he bolted, according to the charge, against the victim, running over him, and thus murdering him. With

all the elements of a murder, the witness was part of the evidence for the prosecution, and, he testified as such and, as it was established at the hearing, after having testified previously before the prosecuting attorney, that the defendant was the driver of the homicidal automobile or presumed homicidal, at that hearing he changed his testimony as to that essential point, as to who was driving the vehicle to which the information of the case referred. The witness is charged with contempt of court. In the cases of contempt of court, the hearing is for the witness to simply show cause why he should not be convicted of contempt, contempt for perjury in this case, because it is based on a false testimony, perjury, which is the conclusion made by the Court in open court. So that we have before us a special case, it is not a proceeding of a common offense, and the defendant has this opportunity to show cause why he should not be convicted of contempt for perjury. It is the opportunity given to the defendant, after the Court has decided on the falsehood of his testimony, to convince the Court that his testimony, in the essential fact in question, was truthful, and that he did not lie while testifying in the case."

As the only evidence for the defense, the defendant testified, and in short he states, that what he testified at the murder trial was the same that he had previously testified before the Prosecuting Attorney Cabrera.

After the evidence was finished, the defense requested again the acquittal of the defendant because the falsehood of the testimony he gave at the murder trial had not been proven.

The court found him guilty of contempt for perjury committed in open court, and subsequently sentenced him to two months in jail.

The defendant-appellant requests the reversal of said judgment because the trial court committed error (1) in considering evidence which was not presented at the proceeding for contempt but presented in the criminal case where the order of contempt was issued, (2) in not considering the proceeding for contempt as a regular criminal case,

depriving him of his right to the presumption of innocence, (3) in imposing on defendant the *onus probandi* of his innocence, and (4) in finding him guilty on insufficient evidence.

The witness who commits perjury in open court commits contempt of court as the former is defined in the act.[1] The judge, who presides the hearing of a case, being convinced that a witness, after having taken an oath or having affirmed that he shall testify and depose truly, is guilty of perjury,

---

[1] Section 430 of Title 33 of L.P.R.A. provides that:

"§ 430. Summary punishment as contempt of perjury committed in open court

When, during the trial of any case pending in the District or Superior Court of Puerto Rico, a witness shall appear and take an oath, or shall affirm that he will testify and depose truly before any such tribunal in any of the cases in which such an oath or affirmation may be administered, and after having taken such oath or affirmation, shall wilfully, and contrary thereto, state as true any material matter which he knows to be false, or which he does not know to be true, is guilty of perjury; and when such oath or affirmation is taken in open court, and is violated as herein provided, then said witness is guilty of a contempt of court, and shall be punished as hereinafter provided. If the judge presiding in said case shall be satisfied, in any case pending in his court, that a witness, after taking the oath, or after having affirmed, as prescribed by statute, to testify truly in any matter pending in the court, is guilty of perjury as herein defined, then it shall be the duty of said judge so trying the case, and he is hereby empowered on his own motion alone, to cause the arrest and detention of the party so offending, and he shall issue an order, to be served on the offending party, to appear and show cause why he should not be punished for contempt of court. The defendant shall, within a time to be fixed by the court, make his defense to the citation, and the court shall hear the testimony adduced by the prosecution and the defense, and after hearing the testimony shall pronounce judgment in the case. If the court is satisfied from the depositions which must be taken in writing that the party so cited has been guilty of perjury, then it shall be the duty of the court to punish him as for contempt of court, and the punishment for such contempt shall be a fine not exceeding one hundred dollars, or imprisonment in the district jail not exceeding three months, or both such punishments, in the discretion of the judge trying the case. Any person so convicted in the District Court shall have a right to appeal to the Superior Court, as in other criminal cases; and in case the contempt is originally committed in the Superior Court, the party convicted in said Superior Court shall have the right to appeal to the Supreme Court."

has the duty to order, on his own motion, the arrest and detention of the party so offending, and shall issue an order, to be served on the offending party, to appear and show cause why he should not be punished for contempt of court.

 Although a summary proceeding is involved, defendant's guilt must be proved in said proceeding, as in any other criminal case, beyond a reasonable doubt. For that reason the law provides that "the court shall hear the testimony adduced by the prosecution and the defense, and after hearing the testimony shall pronounce judgment in the case. If the court is satisfied from the depositions which must be taken in writing that the party so cited has been guilty of perjury, then it shall be the duty of the court to punish him as for contempt of court, . . . ."

"What evidence did the trial court have before it to convict the defendant of contempt for perjury committed in open court? We have formerly summarized it. The court had before it the record of the murder case, the transcript of the testimony given by the defendant, as witness for the prosecution in said case, and the sworn statement he had formerly given before the Prosecuting Attorney Cabrera.

 The defendant's own testimony given at the contempt proceeding does not present any element of evidence against him, since he limited himself to testifying that what he had testified before the prosecuting attorney was that which he had testified in open court. After discarding his testimony, there remains in the record, in addition to the record of the murder case, which contributes nothing as to the falsehood of the testimony given in open court, (1) the testimony given by the defendant in the murder trial and (2) the sworn statement made before the Prosecuting Attorney Cabrera. Those two testimonies are contradictory as to the essential fact of who was the person driving the homicidal vehicle, but what grounds did the judge have to decide that

what the defendant testified before Prosecuting Attorney Cabrera was the truth, and not what he testified in open court in the murder trial? To decide this, other evidence was required, which undoubtedly the judge had before him in the murder trial.[2] There is no doubt that the judge considered that other evidence upon convicting the defendant of contempt. It is thus inferred from the statements made by said judge during the hearing of the contempt trial, and which we have already transcribed in the statement of facts and events of the proceeding.

■ This Court has already said, in the case of *People* v. *Aquino*, 33 P.R.R. 247 (1924), that for the act to provide a summary punishment for perjury committed in open court to be constitutional, the defendant should be informed of the charge clearly, the prosecution must offer evidence of the commission of the crime and the defendant must be given an opportunity to defend himself, including his clear right to be confronted with the witnesses for the prosecution. And in *People* v. *Marchany*, 61 P.R.R. 676 (1943), this Court expressed itself thus on page 678:

"In ruling that a presumption of guilt existed in this type of case, the lower court was in effect holding that the moment the show cause order is issued, the case must be taken as already established against the defendant, and that it remains only to hear his defense, if any. Such an interpretation of the statute establishing the crime of perjury in open court would encounter grave constitutional difficulties. A witness, it must be remembered, is not on trial. If it is felt that he has testified falsely,

[2] If what the defendant testified at the murder trial was true, and therefore what he testified before Prosecuting Attorney Cabrera was false, the offense committed by the witness would be perjury, and not contempt for perjury committed in open court. To determine that the witness made a false testimony in the murder trial, the judge could not base his decision exclusively on the witness' own contradictory testimonies, because he would be determining, without any other element of proof, in which of the two testimonies the witness deposed truly. It would be tantamount to granting the authority to the judge to choose, capriciously, one of the two testimonies as the truthful one.

he must be so accused and given a hearing at which all the testimony against him must be offered. In the instant case the trial court granted the hearing. But instead of requiring the prosecution to start afresh and to produce all the evidence required to convict the defendant, the lower court, under the misapprehension that a *prima facie* case had already been made out against Doctor Marchany, announced that a presumption of guilt existed against the defendant and conducted the proceeding on the contempt charge as though it were part and parcel of the murder case, adverting to and taking into consideration evidence which had been adduced at the murder trial before a jury but which was not introduced at any time before the court sitting alone on the contempt charge. Indeed, the vice of the trial court's pronouncement that the defendant labored under a presumption of guilt became glaringly clear, when the court, during the trial, took into consideration evidence which it had heard in the murder case in which Doctor Marchany was not the defendant.

■ "It is obvious that the lower court confused its two separate functions in cases of this type. When a witness is charged with contempt by perjury in open court, the court in issuing the show cause order may be compared to a committing magistrate who finds probable cause, or to a district attorney who files an information. But at the trial on such a charge, when the witness for the first time becomes a defendant, the prosecution must begin anew and produce all the evidence required to convict the defendant, who at all times during the course of the new proceeding has the benefit of the presumption of innocence. This has been made abundantly clear in a series of cases decided by this court."

■ Although in this case the prosecuting attorney presented some evidence, the same is insufficient to establish the commission of the offense of contempt for perjury committed in open court.

The judgment appealed from will be reversed, and appellant will be acquitted.

Mr. Justice Belaval did not participate herein.